**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UNIQUE FABRICATING, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-11824 (KBO) |
| In re:<br><br>UNIQUE FABRICATING NA, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-11825 (KBO) |
| In re:<br><br>UNIQUE FABRICATING SOUTH, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-11826 (KBO) |
| In re:<br><br>UNIQUE-PRESCOTECH, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-11827 (KBO) |
| In re:<br><br>UNIQUE-CHARDAN, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-11828 (KBO) |
| In re:<br><br>UNIQUE MOLDED FOAM TECHNOLOGIES, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-11829 (KBO) |

| | |
|---|---|
| In re:<br><br>UNIQUE-INTASCO USA, INC.,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-11830 (KBO) |
| In re:<br><br>UNIQUE FABRICATING REALTY, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 23-11831 (KBO) |

**MOTION OF THE CHAPTER 7 TRUSTEE
FOR ENTRY OF AN ORDER PROVIDING FOR THE
JOINT ADMINISTRATION OF CHAPTER 7 CASES**

David W. Carickhoff, the Chapter 7 Trustee of the above-captioned debtors (the "**Trustee**"), by and through his undersigned proposed counsel, hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit A**, providing for the joint administration of the above-captioned chapter 7 cases (the "**Chapter 7 Cases**") for procedural purposes only. In further support of this Motion, the Trustee relies on his *Declaration in Support of Motion for Joint Administration of Related Chapter 7 Cases* (the "**Carickhoff Declaration**") attached hereto as **Exhibit B** and respectfully represents as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

3. On November 8, 2023 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. Also on the Petition Date, David W. Carickhoff was appointed as the Interim Chapter 7 Trustee.

5. Prior to the Petition Date, the Debtors were engaged in the engineering and manufacturing of multi-material foam, rubber, and plastic components utilized in noise, vibration and harshness, acoustical management, water and air sealing, decorative and other functional applications. The Debtors served the North America transportation, appliance, medical, and consumer off-road markets. Sales were conducted directly to major transportation, appliance, medical, and consumer/off-road manufacturers. The Debtors principal executive offices were located in Auburn Hills, Michigan, and had sales, engineering and production facilities in Auburn Hills, Michigan; Concord, Michigan; Lafayette, Georga; Louisville, Kentucky. Non-Debtors have facilities in Monterrey, Mexico; Queretaro, Mexico; and London, Ontario.

6. Unique Fabricating, Inc., Unique Fabricating NA, Inc., Unique-Prescotech, Inc., Unique-Chardan, Inc., and Unique Molded Foam Technologies, Inc. are all Delaware entities. Unique Fabricating South, Inc., Unique-Intasco USA, Inc., and Unique Fabricating Realty, LLC are Michigan entities. The Debtors are all affiliates.

## RELIEF REQUESTED

7. By this Motion, the Trustee respectfully requests the entry of an order providing for the joint administration of the Chapter 7 Cases for procedural purposes only. The Trustee requests that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Unique Fabricating, Inc., and that these Chapter 7 Cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>UNIQUE FABRICATING, INC., *et. al.*,<br><br>Debtors. | Chapter 7<br><br>Case No. 23-11824 (KBO)<br><br>(Jointly Administered) |

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Unique Fabricating, Inc. (6791); Unique Fabricating NA, Inc. (8349); Unique Fabricating South, Inc. (9868); Unique-Prescotech, Inc. (9729); Unique-Chardan, Inc. (8350); Unique Molded Foam Technologies, Inc. (3749); Unique-Intasco USA, Inc. (8572); and Unique Fabricating Realty, LLC (N/A).

8. The Trustee also requests that an entry be made on the docket of each of the Debtors' Chapter 7 Cases, other than Unique Fabricating, Inc., that is substantially similar to the following:

> An order has been entered in this case directing the procedural consolidation and joint administration of the Chapter 7 Cases commenced by Unique Fabricating, Inc. and its affiliates, in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure. All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 23-11824 (KBO).

9. Finally, the Trustee requests that the Court authorizes that a combined service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

**BASIS FOR RELIEF REQUESTED**

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "(i)f…two or more petitions are pending in the same court by or against…a debtor and an affiliate, the court may order a joint administration of the estates." The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

11. Additionally, Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting joint administration and an affidavit, declaration or verification establishing that joint administration is warranted. The Carickhoff Declaration attached hereto establishes that joint administration of these Chapter 7 Cases is warranted because: (a) the Debtors are affiliates; and (b) joint administration will ease the administrative burden on the Court and the parties.

12. The Trustee anticipates that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect all of the Debtors. The failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Clerk of this Court (the "**Clerk**") with the volume of paper.

13. Joint administration will permit the Clerk to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective Chapter 7 Cases will be apprised of the various matters before the Court in each of the cases.

14. The Trustee requests that the official caption be used by all parties in all pleadings in the jointly administered cases be in the form set forth in paragraph 8 of this Motion.

15. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or

right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of the Chapter 7 Cases by the Office of the United States Trustee also will be simplified.

### REQUEST FOR IMMEDIATE ENTRY OF ORDER

16. Pursuant to Local Rule 1015-1, the Trustee requests that the Court enter an Order granting this Motion without a hearing. The Trustee will serve any order on this Motion upon the following parties or, in lieu thereof, to their counsel if known: (i) The Office of the United States Trustee, (ii) counsel for the Debtors, and (iii) upon all parties who have requested notice pursuant to federal Rules of Bankruptcy Procedure Rule 2002.

### NO PRIOR REQUEST

17. No prior request for the relief sought in this Motion has been made to this Court or any other Court.

4886-9036-1744, v. 1

- 7 -

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order substantially in the form attached hereto as **Exhibit A**: (a) authorizing the joint administration of the Chapter 7 Cases, and (b) granting such other and further relief as is proper.

| | |
|---|---|
| Dated: November 13, 2023<br>Wilmington, Delaware | **CHIPMAN BROWN CICERO & COLE, LLP**<br><br>/s/ Mark D. Olivere<br>William E. Chipman, Jr. (No. 3818)<br>Kristi J. Doughty (No. 3826)<br>Mark D. Olivere (No. 4291)<br>Hercules Plaza<br>1313 North Market Street, Suite 5400<br>Wilmington, Delaware 19801<br>Telephone: (302) 295-0192<br>Email:  chipman@chipmanbrown.com<br>            doughty@chipmanbrown.com<br>            olivere@chipmanbrown.com<br><br>*Proposed Counsel for the Chapter 7 Trustee* |